UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID BATSON,<br><br>                              *Plaintiff*,<br><br>           v.<br><br>OFFICER GARY KELLOGG OFC #2059<br>WESTCHESTER COUNTY JAIL,<br><br>                              *Defendant*. | No. 25-CV-4270 (KMK)<br><br>ORDER OF SERVICE |

KENNETH M. KARAS, United States District Judge:

David Batson ("Plaintiff"), who is currently held in the Westchester County Jail ("WCJ"), brings this action pro se, asserting claims of federal constitutional violations and other claims, and seeking damages. He sues WCJ Correction Officer Gary Kellogg ("Kellogg" or "Defendant"). (*See generally* Compl. (Dkt. No. 1).) The Court construes Plaintiff's Complaint as asserting claims under 42 U.S.C. § 1983 and New York state law.

By Order dated June 16, 2025, the Court granted Plaintiff's request to proceed in forma pauperis ("IFP"), that is, without prepayment of fees.[1] For the reasons discussed below, the Court directs service on Kellogg and directs him to comply with Local Civil Rule 33.2.

I.  DISCUSSION

A.     Service on Kellogg

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[2]

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the Complaint and ordered that any

*Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (providing the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Kellogg through the USMS, the Clerk of Court is respectfully instructed to fill out a USMS Process Receipt and Return form ("USM-285 form") for Kellogg. The Clerk of Court is further respectfully instructed to issue a summons for Kellogg and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on Kellogg.

If a summons and the Complaint are not served on Kellogg within 90 days after the date that the summons for Kellogg is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

B.    Local Civil Rule 33.2

Local Civil Rule 33.2, which requires particular defendants in certain types of prisoner actions to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120

---

summonses be issued. The Court therefore extends the time to serve Kellogg until 90 days after the date that any summons for Kellogg issues.

days of the date of service of a summons and the Complaint, Kellogg must serve responses to those standard discovery requests. In his responses, Kellogg must quote each request verbatim.[3]

## II. CONCLUSION

The Court respectfully directs the Clerk of Court to mail an information package to Plaintiff.

The Court also respectfully directs the Clerk of Court to: (1) issue summons for Defendant Gary Kellogg; (2) complete a USM-285 form for Kellogg; and (3) deliver all documents necessary to effect service of a summons and the complaint on Kellogg to the USMS.

The Court further directs Kellogg to comply with Local Civil Rule 33.2 within 120 days of the date of service of a summons and the Complaint.

SO ORDERED.

Dated: August 4, 2025
       White Plains, New York

KENNETH M. KARAS
United States District Judge

---

[3] If Plaintiff would like copies of those discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Court's Pro Se Intake Unit.

SERVICE ADDRESS FOR DEFENDANT

Correction Officer Gary Kellogg, Badge No. 2059
Westchester County Jail
10 Woods Road
Valhalla, New York 10595